QI JIAN GUO, Petitioner,

v.

UNITED STATES ATTORNEY GENERAL, Respondent.

No. 05–4602–ag.

United States Court of Appeals, Second Circuit.

Aug. 9, 2006.

**18**

Gang Zhou, New York, NY, for Petitioner.

James R. Dedrick, United States Attorney for the Eastern District of Tennessee, Tammy Owens Combs, Assistant United States Attorney, Chattanooga, TN, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Qi Jian Guo, though counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Paul A. DeFonzo's decision denying Guo's applications for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision directly. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d at 307.

In this case, the IJ, as affirmed by the BIA, found Guo's testimony incredible because: (1) Guo did not know the day or month of his marriage or children's birthdays; (2) Guo failed to corroborate his claim with affidavits from his family members; (3) Guo's claim at the hearing that he was taken into custody and that family planning officials had looked for him about ten times was omitted from his asylum application; (4) Guo's applications for advanced parole were supported with false documents obtained by a service agency; (5) Guo's asylum application was prepared by the same service agency; (6) the United States Department of State report indicates that there is a high incidence of fraudulent documentation emanating from Fujian Province, where Guo is from; and (7) Guo's statement that he bickered with his wife at the family home after she returned from the sterilization appeared inconsistent with his testimony that he was hiding from the officials and afraid to return to his home. All but the last two are "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang,* 386 F.3d at 74 (internal quotations omitted).

While the IJ may have erred as to these last two factors, Guo's inability to provide specific dates, his failure to provide corroboration, his omissions for his written application, and his false advanced parol application, still provide overwhelming evidence against Guo's credibility, such that we can confidently predict that the IJ would reach the same result even absent his final two stated grounds. *See Xiao Ji Chen v. U.S. DOJ,* 434 F.3d 144, 161 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is DENIED as moot.